UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GAILAN O. SMITH,

    Petitioner,

v.                                         Case No. 2:05-cv-52
                                            HON. GORDON J. QUIST

JERI-ANN SHERRY,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Gailan Smith filed this petition for writ of habeas corpus challenging the validity of his conviction. Petitioner was convicted by a jury of possession of less than 25 grams of cocaine. On March 17, 2003, Petitioner was sentenced as a habitual offender, third offense, to two to twelve years imprisonment.

Petitioner maintains that his conviction was obtained in violation of his federal rights. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

Petitioner raises the following issues in his petition for writ of habeas corpus:

    I.        Petitioner's conviction was constitutionally deficient, because there was insufficient evidence to support his conviction.

    II.    Petitioner was denied the effective assistance of counsel, when defense counsel failed to file a motion to suppress the only evidence against Petitioner which had been obtained pursuant to an unlawful stop and an unconstitutional search and seizure.

    III.    Petitioner was denied a fair trial where the trial court instructed the jury to find Petitioner not guilty or guilty of the original charge or guilty of the lesser charge, and was denied the effective assistance of counsel where defense counsel failed to object to such an instruction.

    IV.    The jury instruction as read to the jury amounted to a directed verdict of guilty to the lesser included charge and the trial counsel's failure to preserve the issue is ineffective assistance of counsel.

    V.    Petitioner was denied the effective assistance of appellate counsel on appeal violating his Sixth Amendment and Michigan constitutional rights.

Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160

F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court.

*See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner maintains there was insufficient evidence to support his conviction. A federal court sitting in habeas corpus review of a state criminal trial is to determine whether there was sufficient evidence of the essential elements of the crime to justify *any* rational trier of fact to find guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The evidence is to be considered in the light most favorable to the prosecution. *Id.*

In this case, the evidence is sufficient to support Petitioner's conviction. In addressing this claim, the Michigan Court of Appeals found that a police officer observed Petitioner make a throwing motion to his left while running away from the officer. A tracking dog found an unmarred bag of crack cocaine sitting on the dirt near the path Petitioner took to evade the police. Therefore, there was circumstantial evidence that Petitioner threw the bag of crack cocaine from his person and that he had, at the very least, constructive possession of the cocaine. *People v. Smith*, MCA No. 247946, p. 3, July, 2, 2004, docket #19. Additionally, Petitioner's contention that the State failed to present evidence concerning the actual weight of the cocaine is without merit. Because Petitioner agreed that the bag contained cocaine and the State does not contend that it weighed more than 25 grams, sufficient evidence exists on the element of weight. *Id.* The undersigned has reviewed the record in this case and concludes that the Michigan Court of Appeals' decision was not contrary to, and did not involve an unreasonable application of, clearly established

federal law as determined by the Supreme Court of the United States; or resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Petitioner should be denied habeas relief on his claim that the evidence was insufficient to support his conviction.

Petitioner next alleges that he was denied effective assistance of counsel, because his counsel failed to file a motion to suppress evidence against Petitioner. Petitioner maintains that the evidence was obtained by a stop and search that was in violation of the Fourth Amendment. Respondent asserts procedural default of this claim. When a state-law default prevents further consideration of a federal issue, the federal courts are ordinarily precluded from considering that issue on habeas corpus review. *See Ylst v. Nunemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982). The Sixth Circuit applies a four-part test to determine whether a claim is procedurally defaulted: (1) the court must first determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the state procedural rule; (3) the default must be an "independent and adequate" state ground on which the state can rely to foreclose review of a federal constitutional claim; and (4) if the foregoing are met, the petitioner must demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error. *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord *Greer v. Mitchell*, 264 F.3d 663, 672 (6th Cir. 2001)).

In addressing this issue, the Michigan Court of Appeals noted that Petitioner had failed to articulate any specific facts in support of this claim and noted that where a criminal defendant fails to argue the merits of an allegation of error, the issue is not properly presented for

review. *People v. Smith*, MCA No. 247946, p. 3, July, 2, 2004, docket #19. The Michigan Court of Appeals relied on *People v. Jones (On Reh)*, 201 Mich. App. 449, 456-457; 506 NW2d 542 (1993) for this proposition. Accordingly, the issue is not subject to review by the court and Petitioner should be denied habeas relief on this claim.

Additionally, Petitioner alleges that he was denied the effective assistance of trial counsel where his counsel failed to object to the jury instructions, thus failing to preserve the issue for appellate review. Petitioner claims that the jury instruction amounted to a directed verdict of guilty to the lesser included charge where the trial court instructed the jury to find Petitioner not guilty or guilty of the original charge, possession with intent to deliver less than 50 grams of cocaine, or guilty of the lesser charge, possession of less than 25 grams of a mixture containing a controlled substance. Respondent counters that, because the Michigan Court of Appeals expressly relied on Michigan's contemporaneous objection, the claim was waived by procedural default.

Respondents are incorrect in their assertion that Petitioner procedurally defaulted this claim. In his appeals to the Michigan Court of Appeals and the Michigan Supreme Court, Petitioner expressly argued that his trial counsel was ineffective in failing to object to the jury instructions. Ttherefore, Petitioner did not procedurally default. However, this claim was properly dismissed on the merits by the Michigan Court of Appeals. In order to prevail on a claim of ineffective assistance of counsel, petitioner must show that counsel's errors were so serious that he was not functioning as counsel guaranteed by the Sixth Amendment, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Wong v. Money*, 142 F.3d 313, 319 (6th Cir. 1998); *Bruner v. Perini*, 875 F.2d 531, 535 (6th Cir.), *cert.*

*denied*, 493 U.S. 938, 110 S. Ct 334 (1989) (citing *Strickland v. Washington*, 466 U.S. 668, 688-96, 104 S.Ct. 2052, 2065, 69, 80 L. Ed. 2d 647 (1984)).

There has been ineffective assistance of counsel where an attorney's performance is so deficient as to prejudice the defense and render the trial unfair and the result unreliable. *Wong*, 142 F.3d at 319; *Austin v. Bell*, 126 F.3d 843, 847 (6th Cir. 1997), *cert denied*, 118 S. Ct. 1547 (1998). Even if a court determines that counsel's performance was outside the wide range of professionally competent assistance, the petitioner is not entitled to relief if the counsel's error had no effect on the judgment. *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999). Rather, a petitioner must show that the probability that the outcome of the case would have been different but for counsel's unprofessional errors is sufficient to undermine confidence in the result. *Wong*, 142 F.3d at 319; *Austin*, 126 F.2d at 848. "The performance and prejudice component of the *Strickland* test are mixed questions of law and fact." *Austin*, 126 F.2d at 848.

The court's review of defense counsel's performance is highly deferential, and defense counsel is presumed to have rendered adequate assistance by exercising reasonable professional judgment and sound trial strategy. *Wong*, 142 F.3d at 319; *Austin*, 126 F.3d at 848. The petitioner must overcome the presumption that, under the circumstances, the challenged actions might be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999).

In addressing the ineffective assistance of trial counsel claim regarding the failure to object to the jury instructions, the Michigan Court of Appeals found that Petitioner's claim was patently without merit. The Court of Appeals found that the trial court's instruction pertaining to the lesser included offense did not constitute error. Consequently, Petitioner's counsel was not

ineffective. In reviewing the record, the trial court clearly expressed to the jury that Petitioner was to be presumed innocent of all of the charges. The court stated:

> Foremost throughout this case, or any criminal case, is the principle that the Defendant is presumed innocent. This means you must have started with that presumption. That presumption must have remained in place and remains in place even at this moment, going with you into the jury room, entitling the Defendant to a verdict of not guilty unless, during your deliberations, you are all satisfied, that is unanimously satisfied beyond a reasonable doubt that he is guilty.

(Trial Transcript I, dated January 31, 2003, p. 4, docket #16.) In considering the lessor included offense, the court specifically stated:

> Now, in this situation, there is a lesser included offense that you're going to be allowed to consider and if that's your decision, unanimously, then return a verdict on it. The included offense is possession, unlawful possession, of an illegal controlled substance. To prove this charge, the Prosecutor must prove each of the following elements beyond a reasonable doubt: First, that the Defendant possessed a controlled substance; second, that that was cocaine; third, that the Defendant knew that he was possessing cocaine; fourth, that the substance was in a mixture that weighed less than 25 grams. There's a distinguishment [sic] in amount between delivery - or possession with intent to deliver less than 50 grams and the included offense of less than 25 grams. This is what is known as an included offense and you may - you will have the opportunity to consider that, as well.

(Trial Transcript I, dated January 31, 2003, p. 7, docket #16.) The court further stated, "as to all of this, both the charged offense and the included offense, the burden is with the People to prove beyond a reasonable doubt that if anything happened, that it was on or about the 21st of July, 2002, as charged, and in Calhoun County." (Trial Transcript I, dated January 31, 2003, pp. 7-8, docket #16.)

The undersigned concludes that the record does not support a finding that the jury instruction amounted to a directed verdict of guilty to the included charge. As noted by the Michigan Court of Appeals, because the jury instruction contained no error, Petitioner's trial counsel was not ineffective for failing to raise an objection to the instruction. Accordingly, in the opinion of the undersigned, Petitioner's claim of ineffective assistance of trial counsel is without merit.

Petitioner further alleges ineffective assistance of appellate counsel in violation of his Sixth Amendment United States and Michigan constitutional rights. Petitioner asserts that his appellate counsel was ineffective, because he failed to discover the error and miscarriage of justice Petitioner suffered as a result of the jury instructions and filed a rough draft on the issue without Petitioner's consent. Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

Petitioner asserted his claim of ineffective assistance of appellate counsel before the Michigan Supreme Court by adding it as a claim in his motion for leave to appeal. Subsequently, the Michigan Supreme Court denied the leave to appeal, because it was not persuaded that the questions presented should be reviewed by the Court. Petitioner did not file a motion for relief from judgment in the state courts, which would have allowed him to present the issue to all levels of the state appellate system. Because it appears that Petitioner could still file a motion for relief from judgment in the state courts, Petitioner could still exhaust his ineffective assistance of appellate counsel claim.

However, in the opinion of the undersigned, Petitioner's ineffective assistance of appellate counsel claim should be dismissed with prejudice, because it lacks merit. As previously noted, the Michigan Court of Appeals found sufficient evidence that the jury instructions were adequate to protect Petitioner's rights. Petitioner's appellate counsel was not ineffective, because the jury instructions contained no error. Accordingly, in the opinion of the undersigned, Petitioner's claim of ineffective assistance of appellate counsel fails on the merits.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. The evidence is sufficient to support Petitioner's conviction of possession of less than 25 grams of cocaine. Addressing Petitioner's ineffective assistance of trial counsel claim with regard to his failure to file a motion to suppress evidence, Petitioner failed to properly present this claim on appeal and has thus procedurally defaulted on the claim. Finally, because the jury instructions contained no error, Petitioner's allegations that his trial and appellate counsel rendered ineffective assistance for failing to object to the instructions are without merit. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal.

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

        /s/ Timothy P. Greeley
        TIMOTHY P. GREELEY
        UNITED STATES MAGISTRATE JUDGE

Dated:   August 8, 2007